## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Nolan McKenzie,** )<br>)<br>**Plaintiff,** )<br>vs. )<br>)<br>)<br>**Gerhard W. Cibis, M.D., P.C., and** )<br>**Ophthalmology Group L.O.C.,** )<br>)<br>**Defendants.** )<br>) | Case No. 12-2394-EFM |

## MEMORANDUM AND ORDER

Plaintiff brings this action *pro se* against Defendants Gerhard W. Cibis, M.D., and the Ophthalmology Group.  Plaintiff resides in Kansas City, Kansas and Defendants reside in Kansas City, Missouri.  Plaintiff alleges that he left his expensive prescription eyeglasses with Defendants to replace the lenses.  Dr. Cibis' assistant, Susan, called Plaintiff to pick up his new glasses.  But Plaintiff alleges that when he picked them up, Susan "switched prescription glasses, continuously denied the Plaintiff original (properly) prescription as stated."  He asserts claims for breach of contract, fraudulent breach of trust, and a felony crime of theft.

Before the Court is Defendant Cibis' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1)–(6) (Doc. 6).  Also before the Court are Plaintiff's Motion for Judgment (Doc. 9) and Motion to Strike Defendants' Pleadings (Doc. 10).  In these motions, Plaintiff argues that Defendants failed to timely answer the Complaint.  As explained more fully below, the Court grants Defendant's motion to dismiss the Complaint.  Plaintiff's motions are denied.

**I.      Plaintiff's Motions to Strike and for Default Judgment**

Because Plaintiff is a *pro se* litigant, the court must construe his pleadings liberally and

apply a less stringent standard than that which is applicable to attorneys.[1]  However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[2]  The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[3]  Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[4]

The Court first must clarify the named Defendants in this matter.  Plaintiff's Complaint lists only Dr. Cibis and the Ophthalmology Group as Defendants, along with their addresses.  In between Dr. Cibis' name and his address, Plaintiff indicated "Attn: Susan."  Plaintiff's unsigned certificate of service attached to the Complaint contains the same names and addresses as the caption.  Yet, Plaintiff's motions for default judgment and to strike list "Susan Amberson, et. al." in the caption as a party instead of the Ophthalmology Group and argue that she has failed to timely respond to the Complaint.  There is no evidence in the record that Susan Amberson was served with the Complaint and Summons.

Under Rule 55(a), a clerk's entry of default is only appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Plaintiff has not made this showing with respect to Susan Amberson.  She was not listed as a party on the

---

[1] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[2] *Id.*

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[4] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)(insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

2

Complaint and there is no affidavit, or other evidence, that shows her failure to plead or otherwise defend in this action.  There is likewise no evidence in the record that the Ophthalmology Group was separately served with a Summons and Complaint, but Dr. Cibis is listed as an agent for the Ophthalmology Group and both defendants reside at the same address.  A certified mail return receipt was filed on July 11, 2012, showing service on Dr. Cibis at this address on June 30, 2012.  On July 13, 2012, Dr. Cibis filed a motion to dismiss under Rule 12, so he is not required to file an answer unless the Court denies his motion to dismiss.[5]  Accordingly, Plaintiff's motions to strike and to enter default are without merit.

## II.    Subject Matter Jurisdiction

There are two statutory bases for federal subject matter jurisdiction.  First, diversity jurisdiction is governed by 28 U.S.C. § 1332(a)(1), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of different states."   Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction.  In addition, if the Court has federal question or diversity jurisdiction of some claims, it may exercise supplemental jurisdiction over state law claims.[6]

The Tenth Circuit has commented on the limited jurisdiction of the federal courts and summarized the duties of the district court in considering whether it has jurisdiction to consider a case:

---

[5] *See* Fed. R. Civ. P. 12(a)(4).

[6] 28 U.S.C. § 1367.

> The Federal Rules of Civil Procedures [sic] direct that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.". . . Moreover, "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." . . . Nor may lack of jurisdiction be waived or jurisdiction be conferred by "consent, inaction or stipulation." Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.[7]

Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[8] Mere allegations of jurisdiction are not enough.[9]

There are no claims alleged in the Complaint upon which the Court has federal question jurisdiction. This Court may only exercise diversity jurisdiction in civil actions. Felony theft is a criminal action; therefore, Plaintiff's theft claim is dismissed without prejudice for lack of subject matter jurisdiction.

Plaintiff does not allege a jurisdictional basis for his civil claims, however, he provides the addresses of each party in the caption of the Complaint, demonstrating diversity of citizenship between Plaintiff and Defendants. And Plaintiff pleads that his claim is in excess of $75,000. The Court may dismiss the Complaint on the amount in controversy requirement only if the Defendant can establish "to a legal certainty" that Plaintiff's claim is actually less than the jurisdictional amount.[10] Defendant does not attempt to make this showing in his motion to

---

[7]*Penteco Corp. v. Union Gas Sys.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations and quotations omitted).

[8]*United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[9]*Id.* at 798.

[10]*McPhail v. Deere & Co.*, 529 F.3d 947, 952–53 (10th Cir. 2008).

dismiss. While the Court strongly suspects that Plaintiff does not have a good faith basis for claiming damages in this case in excess of $75,000, at this time, the Court assumes to be true Plaintiff's damages claim for $500,000, allowing for diversity jurisdiction over the remaining state law claims.

## III.     Personal Jurisdiction

Plaintiff has the burden of establishing personal jurisdiction over a defendant.[11] In the absence of an evidentiary hearing, plaintiff must make only a prima facie showing of jurisdiction to defeat a motion to dismiss.[12] "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."[13] Allegations in a complaint are accepted as true if they are plausible, non-conclusory, and non-speculative, to the extent that they are not controverted by submitted affidavits.[14] "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."[15] The Kansas long-arm statute is construed liberally so as to allow jurisdiction to

---

[11]*Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004).

[12]*Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

[13]*OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

[14]*Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989); *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985).

[15]*Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005).

the full extent permitted by due process.[16]  For the court's exercise of jurisdiction to comport with due process, defendant must have "minimum contacts" with the State of Kansas, "such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'"[17]

Plaintiff alleges no facts in the Complaint to support this Court's personal jurisdiction over either Defendant based on their contacts with Kansas.  Therefore, this matter may be dismissed in its entirety for lack of personal jurisdiction.

## III.  Failure to State a Claim

Even if the Court could exercise personal jurisdiction over Dr. Cibis and the Ophthamology Group, it would find that Plaintiff fails to state a claim upon which relief may be granted.  To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[18]  Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[19]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[20] but requires more than "a sheer possibility."[21]

---

[16]*Fed. Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987)).

[17]*Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[18]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[19]*Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[20]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[21]*Id.*

The plausibility standard enunciated in *Bell Atlantic v. Twombly*, seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[22] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[23] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24]

Defendant argues that even a broad construction of Plaintiff's Complaint fails to allege facts that plausibly give rise to a claim for relief. The Court agrees. Plaintiff alleges that his eye doctor's office denied him his prescription eyeglass lenses, causing him pain. To the extent Plaintiff alleges a claim for breach of contract, he must allege the following elements under Kansas law: (1) the existence of a contract between the parties; (2) consideration; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) defendant's breach of the contract; and (5) that plaintiff suffered damage caused by the breach.[25] Plaintiff has failed to allege the existence of a contract, or Defendants' breach, or consideration. In fact, Plaintiff's factual averments are largely incomprehensible. The facts as alleged suggest that Dr. Cibis' assistant provided Plaintiff with his old pair of eyeglasses, which he refused.

---

[22]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[23]*Id.* (citing *Twombly*, 550 U.S. at 556).

[24]*Iqbal*, 556 U.S. at 678.

[25]*See, e.g.*, *Britvic Soft Drinks, Ltd. v. ACSIS Techs., Inc.*, 265 F. Supp. 2d 1179, 1187 (D. Kan. 2003).

There are no plausible allegations of a contractual relationship, consideration, or breach.

Plaintiff also alleges a claim for fraudulent breach of trust.  To the extent he alleges a claim of fraud, he is subject to a heightened pleading standard under Fed. R. Civ. P. 9.  Under Rule 9, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[26]  The rule's purpose is to provide the defendant fair and adequate notice of the claim and to allow the defendant to respond on an informed basis.[27]  A fraud claim requires "the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[28]  Plaintiff's factual allegations are brief and incoherent and do not place the Court or Defendants on notice of the time, place, and contents of any alleged false representation.  As such, dismissal of Plaintiff's fraud claim is appropriate.

Although only Dr. Cibis filed a motion to dismiss in this case, the Court finds that dismissal of this entire action is appropriate.  Plaintiff's brief Complaint does not distinguish the factual allegations between the Defendants.  Dr. Cibis' motion provided Plaintiff with adequate notice and an opportunity to respond or amend his complaint with respect to the jurisdictional and factual defects in the Complaint.  The Court finds that sua sponte dismissal of the claims against Ophthalmology Group is appropriate here because "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[29]   Because the Court dismisses on jurisdictional grounds, and

---

[26]Fed. R. Civ. P. 9(b).

[27]*Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992).

[28]*Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (citing *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)) (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)).

[29]*See Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

alternatively under Rule 12(b)(6), it need not address Defendant's arguments on venue and service of process.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Cibis' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1)–(6) (Doc. 6) is **granted**. This case is hereby dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment (Doc. 9) and Motion to Strike Defendants' Pleadings (Doc. 10) are **denied**.

**IT IS SO ORDERED**.

Dated this 19th day of November, 2012.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE